UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUISA MARIA MARIN-MATA,**

      **Plaintiff,**

      **v.**

      **Civil No. 25-1185 (ADC)**

**MARCO RUBIO, et al.,**

      **Defendants.**

**OPINION AND ORDER**

**I.      Introduction and Procedural Background**

On March 31, 2025, plaintiff Luisa María Marín-Mata ("plaintiff") filed a complaint for declaratory, injunctive, and mandamus relief against the United States Department of State, through its Secretary, Hon. Marco Rubio ("Secretary Rubio"), its Principal Deputy Assistant Secretary for Consular Affairs, Douglass Benning ("Mr. Benning"), the Deputy Chief of Mission of the United States Consulate in Georgetown, Guyana, Adrienne Galanek ("Ms. Galanek"), and several unnamed consular and other officers employed by the Department of State, in their official capacities (together with Secretary Rubio, Mr. Benning, and Ms. Galanek, "defendants"). **ECF No. 1**. Plaintiff, a citizen of Venezuela, claims that the defendants have unreasonably delayed in their review of her non-immigrant, intracompany-transferee visa application, which she requires to be able to fulfil her duties to her employer, CH4 Systems, in Puerto Rico.

Before the Court is defendants' motion to dismiss and for change of venue, filed on July 8, 2025. **ECF No. 16**. Defendants argue under Fed. R. Civ. P. 12(b)(1) and (6) that the consular

nonreviewability doctrine bars courts from exercising jurisdiction over plaintiff's claims because her visa application was duly adjudicated and refused by a consular officer on May 7, 2024, leaving no other ministerial duty to perform. Defendants further contend that the application is currently pending a discretionary, post-refusal "administrative processing," and that the decision of whether and when to conclude that process lies solely within the discretion of the consular officer. Defendants also argue that, even if the Court were to exercise jurisdiction, plaintiff would lack a cognizable claim for either declaratory, injunctive, or mandamus relief. Finally, in the alternative, defendants argue that the Court should, under 28 U.S.C. §§ 1404(a), 1406(a), and/or Fed. R. Civ. P. 12(b)(3), transfer this case to Washington, D.C., where proper venue lies.

In her response to this motion, filed on July 30, 2025, plaintiff argues that the consular nonreviewability doctrine does not apply because her visa application has not been adjudicated in a final form and that she has a valid unreasonable delay claim against defendants. **ECF No. 19**.

For the reasons set forth below, the Court **GRANTS IN PART** defendants' motion, pursuant to 28 U.S.C. § 1406(a), and will, in the interest of justice, transfer the case to the United States District Court for the District of Columbia. The Court states no opinion as to the arguments included in the motion under Fed. R. Civ. P. 12(b)(1) or (6), leaving them to the consideration of the transferee court.

## II.    Legal Standard

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "A motion to dismiss based on improper venue under Rule 12(b)(3) puts the burden on the plaintiff to demonstrate that the action was brought in a permissible forum." *Steen Seijo v. Miller*, 425 F. Supp. 2d 194, 198 (D.P.R. 2006). "[T]he court considers factual allegations in the complaint, but may also consider affidavits. A plaintiff's well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. Unsupported allegations in the pleadings need not be credited." *Hynes v. Forde & O'Meara LLP*, No. CV 23-1140 (SCC-MDM), 2024 WL 3360377, at *2 (D.P.R. Mar. 15, 2024), *report and recommendation adopted*, No. CV 23-1140 (SCC), 2024 WL 3360378 (D.P.R. Mar. 26, 2024) (citation modified).

## III.    Discussion

Plaintiff is a citizen of Venezuela seeking a non-immigrant visa to enter the United States. **ECF No. 1** at 2 ¶ 1; 4 ¶ 12. Defendants are United States government officers and/or employees— the Secretary of State, the Principal Deputy Assistant Secretary for Consular Affairs, the Deputy Chief of Mission of the U.S. Consulate in Georgetown, Guyana, a several unnamed consular and other officers employed by the Department of State, all in their official capacities. *Id.,* at 4-5 ¶¶

13-16. Plaintiff stated in her complaint that venue was proper in the District of Puerto Rico

because defendants "are officers and employees of the United States government sued in their

official capacity [and] because a substantial part of the property that is the subject of the action

is situation [sic] in the District of Puerto Rico, namely [plaintiff's] employer, CH4." *Id.*, at 4 ¶ 11.

Under 28 U.S.C. § 1391(e), when the defendant in an action is a United States officer or

employee, venue is proper "in any judicial district in which: (A) a defendant in the action resides,

(B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of the property that is the subject of the action is situated, or (C) the plaintiff resides if no

real property is involved in the action." 28 U.S.C. § 1391(e)(1). Here, plaintiff maintains that the

impact of defendants' actions is felt by her non-party employer, who is a resident of Puerto Rico,

justifying venue in this District:

> The plaintiff concedes that the district is not a listed venue [2]8 U.S.C. § 1391. The
> venue was chosen because of the impact [plaintiff's] absence has had on CH4, a
> company located in the district. CH4 executives and managers all work and reside
> in Puerto Rico and [plaintiff] was to perform her work there. In addition, since
> most of the activities related to this matter took place at the U.S. Embassy in
> Georgetown, Guyana, the district of Puerto Rico presented a much closer venue
> for Embassy officials should they need to travel. Finally, this is a case to be decided
> on motions; there will be no jury or in-court testimony.

*See* **ECF No. 19** at 11. Her concession, however, is determinative. Here, neither plaintiff nor any

defendant reside in Puerto Rico. Moreover, CH4 is not a party to the case, making plaintiff's

appeal to the circumstances of CH4 irrelevant to the venue analysis. Plaintiff's expectation that

she will perform her duties to CH4 in Puerto Rico does not meet either the substantial events,

omissions, or property prongs of Section 1391(e)(1).

Accordingly, the only other option for proper venue would be the place of residence of the federal officer defendants. As they are sued in their official capacities, they are residents of Washington, D.C. for venue purposes. *See* **ECF No. 1** at 1 (listing a Washington, D.C. address for all defendants); *Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes . . . ."); *see also Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978) (holding a federal officer's residency under 28 U.S.C. § 1391(e) to be determined by the place where his or her official duties are performed). Therefore, Section 1406(a) provides a straightforward solution to plaintiff's venue problem.[1] Because venue for this action is improper here, and because there is no other viable venue for it under 28 U.S.C. § 1391 but Washington, D.C., the Court will transfer plaintiff's action to the District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).[2]

**IV.    Conclusion**

For all the above reasons, the Court **GRANTS IN PART** defendant's motion at **ECF No. 16** and will transfer the instant action to the United States District Court for the District of Columbia. The Court states no opinion as to the arguments included in the defendants' motion under Fed. R. Civ. P. 12(b)(1) or (6), leaving them to the consideration of the transferee court.

---

[1] Even though the parties devoted several pages of argument on justifying transfer under factors applicable to 28 U.S.C. § 1404(a) (*see* **ECF No. 16** at 23-31, **ECF No. 19** at 11-15), the Court need not examine the propriety of transfer under that statute.

[2] Plaintiff agrees that Washington, D.C. would be a proper venue in the case of transfer. *See* **ECF No. 19** at 15.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of January, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**
